# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY D. MOORE, | CASE NO. 1:11-cv-01620-LJO-SMS |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| v. | |
| ATWATER POLICE DEPARTMENT, et al., | (Doc. 1) |
| Defendants. | |

### Screening Order

Plaintiff Billy D. Moore proceeds *pro se* and *in forma pauperis* in this action alleging excessive force in executing an arrest. After Plaintiff filed his complaint in the United States District Court for the Northern District of California on August 19, 2011, this case was transferred to the Eastern District of California, in which venue for the case is proper.

**I.    Screening Requirement**

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). In cases in which the plaintiff is proceeding *in forma pauperis*, the Court must screen the complaint and must dismiss it at any time if it concludes that the action or appeal is frivolous

or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Pleading Standards

Federal Rule of Civil Procedure 8(a) provides:

A pleading that states a claim for relief must contain:

(1)     a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2)     a short and plain statement of the claim showing the pleader is entitled to relief; and

(3)     a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Each allegation must be simple, concise, and direct." F.R.Civ.P. 8(d).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff

must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his or her claim.

Plaintiff has filed his complaint on a single-page form provided by the Northern District Court.  If Plaintiff chooses to amend the complaint, as he is permitted to do pursuant to this order, he must incorporate essential facts that he has omitted in his brief complaint.  He must include statements identifying the defendants.  For example, the complaint should state that Officer Richards is a police officer employed by the Atwater Police Department.  Plaintiff should include the date and location of his arrest.  He must also identify by name which Defendant did each action of which he complains.  For example, since it appears unlikely that more than one officer struck Plaintiff to dislodge his cell phone, Plaintiff should identify which Defendant struck him or indicate that he was struck by an unidentified officer.

## II.     Plaintiff's Complaint

### A.     Factual Allegations

According to the facts alleged in the complaint, following an argument with his mother, Plaintiff was arrested for trespassing, resisting arrest, and vandalism. When the officers arrived, an unidentified officer struck Plaintiff to dislodge the telephone from his hand, damaging the telephone.  An unidentified officer yanked Plaintiff up by his right arm, injuring and causing severe pain in Plaintiff's arm and shoulder.  The officers continually yelled at Plaintiff to stop resisting arrest, although he was not resisting arrest.  An unidentified officer slammed Plaintiff to the tile floor, then repeatedly pounded Plaintiff's head against the floor.

An unidentified officer handcuffed Plaintiff so tightly that the circulation to his hands was cut off.  Plaintiff was placed in a hot squad car for ten minutes.  After Plaintiff was placed in a holding cell, Officer Wisdom choked Plaintiff before conveying Plaintiff to the county jail.

///

///

///

### B. <u>Failure to Sign Complaint</u>

Plaintiff did not sign the complaint. Federal Rule of Civil Procedure 11(a) requires that every pleading must be signed by an attorney or by the *pro se* party. If Plaintiff elects to amend his complaint, as this order permits him to do, he must sign the amended complaint.

### C. <u>"John Doe" Defendants.</u>

Plaintiff names twenty-five John Doe Defendants. The Federal Rules of Civil Procedure include no provision "permitting the use of fictitious defendants." *McMillan v. Department of Interior*, 907 F.Supp. 322, 328 (D.Nev. 1995), *aff'd*, 87 F.3d 1320 (9th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997). *See also Fifty Associates v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970). "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Nonetheless, a plaintiff must be afforded an opportunity to identify the unknown defendants through discovery, unless it is clear that discovery will not reveal their identities or the complaint must be dismissed for other reasons. *Id.* "While Doe pleading is disfavored, it is not prohibited in federal practice." *Lopes v. Vieira*, 543 F.Supp.2d 1149, 1152 (E.D.Ca. 2008).

Although papers and pleadings submitted by *pro se* litigants are subject to a less stringent standard than those of parties represented by attorneys, a *pro se* plaintiff must follow the rules and orders of the Court, including diligently acting to identify any "John Doe" defendants named in his suit. *Grinage v. Leyba*, 2008 WL 199720 at 12 (D. Nev. January 17, 2008) (No. 2:06-cv-0835-RLH-GWF). When a Plaintiff is not able to name one or more Defendants when he files his complaint, he must provide sufficient information to enable the court and his opponents to know who he is trying to identify. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 390 n. 2 (1971) (in which "the District Court ordered that the complaint be served upon 'those federal agents who it is indicated by the records of the United States Attorney participated in the November 25, 1965, arrest of the petitioner'"), and *Wakefield v. Thompson*, 177 F.3d 1160, 1162 n. 4 (9th Cir. 1999) (although the plaintiff did not know the name of the officer who refused to provide the plaintiff's prescription when releasing plaintiff on parole, the plaintiff informed the Court that the name could be secured "by inspecting the 'parole papers

that the plaintiff signed at the time of his release' and the 'Duty Roster for that day.'") Here, the twenty-five John Doe defendants are not linked to any specific act or omission that gave rise to a violation of Plaintiff's constitutional rights nor is their role in the case otherwise identified. In his amended complaint, Plaintiff must tell us what each Doe did and why Plaintiff is suing him or her, even if Plaintiff is not yet able to identify that Doe by name.

### D.     Atwater Police Department

The complaint includes no allegations against the Atwater Police Department. The amended complaint must either omit the police department from the list of defendants or allege Plaintiff's claims against it.

### E.     Excessive Force

Plaintiff alleges that, even though he was not resisting arrest, he was attacked and injured in the course of his arrest. Under the Fourth Amendment, made applicable to the states by the Fourteenth Amendment, people are to be secure against unreasonable searches and seizures. *Maryland v. Pringle*, 540 U.S. 366, 369 (2003); *Mapp v. Ohio*, 367 U.S. 643 (1961). An officer may arrest a person without a warrant only if there is probable cause to believe that the person has committed or is committing an offense. *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979). Each case is determined on its specific facts and circumstances. *Ornelas v. United States*, 517 U.S. 690, 695-96 (1996). Those facts and circumstances will determine the Fourth Amendment's reach in a particular case. *Terry v. Ohio*, 392 U.S. 1, 29 (1968).

A seizure occurs when the government ends a person's freedom of movement by intentionally applied means. *Scott v. Harris*, 550 U.S. 372, 381 (2007); *Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989). A claim of excessive force in the course of a seizure is properly analyzed under the Fourth Amendment's "objective reasonableness" standard. *Id.*; *Graham v. Connor*, 490 U.S. 386, 388 (1989). Accordingly, to evaluate a Fourth Amendment claim, this Court must consider whether each Defendant's actions were objectively reasonable in light of the facts of the arrest. *Scott*, 550 U.S. at 381. Accordingly, the Court must consider whether the officer's actions were objectively reasonable in light of the facts and circumstances of the arrest, without regard to their underlying intent or motivation. *Graham*, 490 U.S. at 387.

Reasonableness of the type of force used is evaluated from the perspective of an officer on the scene and must include an allowance for the fact that police officers are often forced to make a split-second determination of the necessary amount of force. *Id.*

The complaint includes allegations of force but fails to identify the specific defendant(s) responsible for each act. If Plaintiff amends his complaint, as he is permitted to do by this order, he must fully allege facts supporting his allegations that each Defendant acted unreasonably with regard to his use of force in the course of Plaintiff's arrest. Plaintiff must also more fully allege the circumstances leading to his arrest and the circumstances that led to his being choked in the holding cell.

## III.   Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (*citations omitted*). Plaintiff should focus on identifying his legal claims and setting forth, as briefly but specifically as possible, the facts linking the Defendants he names to each violation of his rights.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *Forsyth*, 114 F.3d at 1474; *King*, 814 F.2d at 567;

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend for failure to state a claim;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order; and
3. If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

**Dated:   October 11, 2011**             /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE