# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY D. MOORE,<br><br>    Plaintiff,<br><br>  v.<br><br>ATWATER POLICE DEPARTMENT, et al.,<br><br>    Defendants | CASE NO. 1:11-cv-01620-SKO<br><br>**ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE AGAINST PLAINTIFF'S COUNSEL FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FAILURE TO APPEAR**<br><br>Docket Nos. 44, 45, 47 |

## I. INTRODUCTION

On October 2, 2013, the Court held a scheduled hearing on Defendants Atwater Police Department, Officer Richards, and Officer Wisdom's ("Defendants") motion in limine. (*See* Docs. 45, 46, 47.) Defense counsel Gregory Myers appeared in person. Plaintiff Billy D. Moore ("Plaintiff") was present telephonically. Plaintiff's counsel, Keith Oliver, did not appear.

Due to Mr. Oliver's failure to appear at the October 2, 2013, hearing, the motion in limine hearing is CONTINUED to October 10, 2013, at 3:00 p.m. in Courtroom 7. Further, due to Mr. Oliver's failure to appear at the October 2, 2013, hearing, as well as his failure to comply with previous Court orders, Mr. Oliver is ORDERED to PERSONALLY APPEAR on October 10, 2013, at 3:00 p.m. in Courtroom 7 before Magistrate Judge Sheila K. Oberto and SHOW CAUSE why sanctions should not be issued against him.

## II.   BACKGROUND

On September 6, 2013, the Court held a pretrial conference and noted that Plaintiff's exhibit list, set forth in the Joint Pretrial Statement, contained general and broad categories of exhibits.  (*See* Doc. 42, p. 8.)  Mr. Oliver was ordered to file a revised exhibit list by no later than September 10, 2013.  (Doc. 44.)  Mr. Oliver failed to file a revised exhibit list.  On September 13, 2013, Mr. Oliver emailed an untimely supplemental list of exhibits to the Court and Defendants' counsel, but failed to file the list.  Also on September 13, 2013, the Court contacted Mr. Oliver via email and informed him that the revised exhibit list needed to be filed.  Mr. Oliver responded via email and stated that the revised exhibit list would be filed that day.  Mr. Oliver failed to file Plaintiff's revised exhibit list.

On September 16, 2013, the Court ordered Plaintiff to file the revised exhibit list by the end of that day, and informed Plaintiff that continued failure to file the revised exhibit list may result in the exclusion of Plaintiff's exhibits at trial. (Doc. 45.)  *See*  Fed. R. Civ. P. 16(d), (e); Local Rule 283(c).  Plaintiff failed to file the revised exhibit list.  As such, due to Mr. Oliver's failure to comply with the Court's orders, the Court issued a Pretrial Order that precludes Plaintiff from introducing exhibits at trial absent a showing of manifest injustice.  (Doc. 47, 9:7-19.)

The Court also set the motion in limine hearing schedule at the September 6, 2013, pretrial conference.  The Court ordered that motions in limine were to be filed by September 17, 2013, oppositions were due by September 24, 2013, and the hearing was scheduled for October 2, 2013.  (Doc. 45.)   The Court issued a minute order on September 16, 2013, that reiterated these deadlines, and a Pretrial Order on September 19, 2013, again setting forth these deadlines.  (Docs. 45, 47.)

Plaintiff's counsel failed to file a motion in limine, failed to oppose Defendants' motion in limine, and failed to appear at the October 2, 2013, motion in limine hearing.

Plaintiff was present telephonically at the October 2, 2013, hearing and informed the Court, on the record, that he had been unable to contact Mr. Oliver since August 23, 2013.  Defense counsel, Mr. Myers, informed the Court that he had been in sporadic contact with Mr.

Oliver, that Mr. Oliver was supposed to have contacted Mr. Myers on the morning of October 2, 2013, but Mr. Oliver had failed to do so.

Due to Mr. Oliver's failure to appear at the motion in limine hearing, the Court CONTINUED the hearing to October 10, 2013, at 3:00 p.m. in Courtroom 7.

### III.   DISCUSSION

"District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998) (emphasis omitted) (holding that court may dismiss an action that abuses the judicial process using inherent powers to control dockets); *see also Frost v. Perry,* 919 F. Supp. 1459 (D. Nev. 1996) (untimely motion stricken by court using inherent powers to control its own docket).  Further, district courts have the inherent power to enforce their orders through civil contempt. *In re Dual-Deck Video Cassette Recorder Antitrust Litig*., 10 F.3d 693, 695 (9th Cir. 1993).  Rule 110 of the Local Rules of the United States District Court, Eastern District of California provides that the "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  This includes monetary sanctions.

Here, Plaintiff's counsel Mr. Oliver has failed to comply with: (1) the Court's September 6, 2013, order to file a revised exhibit list by no later than September 10, 2013 (Doc. 44), and (2) the Court's September 16, 2013, order requiring Plaintiff file the revised exhibit list by that day (Doc. 45).  Mr. Oliver also failed to appear at the October 2, 2013, motion in limine hearing, despite having been informed of this hearing at the September 6, 2013, Pretrial Conference, and in orders issued on September 16, 2013, and September 19, 2013.  (Docs.  45, 47.)

Accordingly, Mr. Oliver is ORDERED TO SHOW CAUSE why sanctions should not be issued against him for his failure to comply with Court orders and failure to appear.  Mr. Oliver SHALL FILE a response to this Order to Show Cause by no later than October 8, 2013, and SHALL PERSONALLY APPEAR on October 10, 2013, at 3:00 p.m. in Courtroom 7 before Magistrate Judge Oberto to SHOW CAUSE why sanctions shall not be issued.

3

## IV. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Mr. Oliver SHALL FILE a response to the order to show cause by no later than October 8, 2013;

2. Mr. Oliver SHALL PERSONALLY APPEAR on October 10, 2013, at 3:00 p.m. in Courtroom 7 before Magistrate Judge Oberto and SHOW CAUSE why sanctions should not be issued against him for his failure to comply with Court orders and failure to appear; and

3. The hearing on Defendant's motion in limine is CONTINUED to October 10, 2013, at 3:00 p.m. in Courtroom 7.

IT IS SO ORDERED.

Dated: **October 2, 2013**              **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE

4