# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY D. MOORE,<br><br>                Plaintiff,<br><br>       v.<br><br>ATWATER POLICE DEPARTMENT, et al.,<br><br>                Defendants | CASE NO. 1:11-cv-01620-SKO<br><br>**ORDER DISCHARGING ORDER SHOW CAUSE**<br><br>Docket No. 49 |

## I.  INTRODUCTION

On October 2, 2013, the Court issued an Order to Show Cause ("OSC") as to why sanctions should not issue against Plaintiff Billy D. Moore's ("Plaintiff") counsel, Keith Oliver, Esq., for failure to comply with the Court's orders and failure to appear at the motion in limine hearing. (Doc. 49.) On October 8, 2013, Mr. Oliver filed a response to the OSC, and a hearing was held on October 10, 2013. (Docs. 56, 62, 63.)

For the reasons set forth below, the Court's October 2, 2013, OSC is DISCHARGED.

## II.  DISCUSSION

The Court's October 2, 2013, OSC required Mr. Oliver to show cause why sanctions should not be imposed against him for his failure to comply with Court orders and failure to appear. Specifically, the Court found that Mr. Oliver failed to comply with the Court's September

1  6, 2013, order to file a revised exhibit list by no later than September 10, 2013 (Doc. 44); failed to
2  comply with the Court's September 16, 2013, order requiring Plaintiff to file the revised exhibit
3  list by that day (Doc. 45); and failed to appear at the October 2, 2013, motion in limine hearing,
4  despite having been informed of this hearing at the September 6, 2013, pretrial conference, and in
5  orders issued on September 16, 2013, and September 19, 2013.  (Docs.  45, 47.)[1]

6       Mr. Oliver indicated in his response to the OSC and at the October 10, 2013, hearing that
7  he mis-calendared the motion in limine hearing due to an "overwhelming amount of overlapping
8  work."  (Doc. 56, 2:7.)  The response to the OSC did not address Mr. Oliver's failure to comply
9  with the Court's orders, but based on representations made at the October 10, 2013, hearing, the
10 Court allowed Mr. Oliver to file a Motion for Relief based on manifest injustice.  (Doc. 63.)
11 Plaintiff's Motion for Relief was granted by the Court at a hearing held on October 17, 2013.
12 (Doc. 71.)

13     The Court is aware that in meeting deadlines, events sometimes conspire against even the
14 most conscientious, experienced, and diligent practitioners.  Here, Mr. Oliver indicated that he was
15 overwhelmed due to his workload.  (Doc. 56.)  As Mr. Oliver has now made an effort to seek
16 relief for his client and to comply with the Court's orders, the Court will DISCHARGE the OSC.
17 Counsel is cautioned, however, that the judges for the United States District Court, Eastern
18 District of California, require compliance with their orders, and that any future failure to comply
19 with court orders may well be met with less leniency, resulting in the imposition of sanctions,
20 including monetary sanctions and/or dismissal of the suit.  *See Hernandez v. City of El Monte*, 138
21 F.3d 393, 398 (9th Cir. 1998) ("District courts have inherent power to control their dockets and
22 may impose sanctions, including dismissal, in the exercise of that discretion."); Rule 110 of the
23 Local Rules of the United States District Court, Eastern District of California ("Failure of counsel
24 or of a party to comply with these Rules or with any order of the Court may be grounds for
25 imposition by the Court of any and all sanctions authorized by statute or Rule or within the
26 inherent power of the Court.").

---

[1] At the October 10, 2013, hearing on the OSC, the Court further found that Mr. Oliver failed to comply with the Court's Pretrial Order (Doc. 47), by failing to file Plaintiff's final witness list and final exhibit list by the deadline set forth in the order.

**III.   CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that the Court's October 2, 2013, Order to Show Cause is DISCHARGED.

IT IS SO ORDERED.

Dated:   **October 24, 2013**              **/s/ Sheila K. Oberto**
                                           UNITED STATES MAGISTRATE JUDGE